UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

Case No: 3:06-cr-204-J-33MCR

v.

LAURETTE C. HUNTER
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's February 26, 2009, motion regarding her restitution payments. (Doc. # 291-1). The Government filed a response in opposition to the motion on April 2, 2009.

**I. Background**

On February 22, 2007, this Court sentenced Defendant to 62 months imprisonment, 36 months supervised release, and restitution of $1,688,701.72 (jointly and severally among co-defendants). (Doc. # 191). This Court's Judgment reflecting Defendant's sentence was issued on February 22, 2009. (Doc. # 196). With respect to a drug treatment program, the Court's Judgment recommended that "defendant be placed at FCI Jesup, Jesup Georgia [and] [t]hat defendant be evaluated for the substance program and that the Bureau of Prisons make a decision of what type of program defendant should be placed into." (Doc. # 196 at 2). In addition, the Judgment provided, "While in Bureau of Prisons custody, you shall either (1) pay at least $25.00 quarterly if you have a non-Unicor job or (2)

pay at least 50% of your monthly earnings if you have a Unicor job." (Doc. # 196 at 6). These payments are referred to as the inmate financial responsibility program.

## II. **Defendant's Motion for Sentence Modification**

Defendant requests that this Court enter an amended judgment that either defers her payments until the completion of her sentence or specifies that the maximum inmate financial responsibility program payment be $25.00 quarterly.

Defendant indicates that she was able to pay the inmate financial responsibility program payments of $25.00 quarterly while serving her sentence at F.P.C. Marianna, Florida. There, she earned between $42.00 and $64.00 monthly. At one point, she was paying $25.00 monthly, rather than quarterly, due to her income. However, Defendant submits that she was recently transferred from the Marianna facility to Alderson, West Virginia, where she makes only $14.00 monthly. Defendant explains that the new facility requires her to pay $79.00 monthly and that she cannot make these payments, even with the support of her family.

Defendant notes that she "takes pride" in making her payments and that she "is not trying to get out of paying the I.F.R.P. [inmate financial responsibility program] payment." Instead, Defendant explains, "If I don't make the $79.00

monthly payments, I will receive an infraction; this will cause me to lose the opportunity to participate in the Drug Program."

The Government lauds Defendant on the positive changes that she has made in her life, particularly in the area of drug rehabilitation. However, the Government opposes Defendant's motion arguing: (1) Defendant has not provided evidence of exceptional circumstances as required by Rule 60(b)(6) of the Federal Rules of Civil Procedure; (2) Defendant should have filed her motion in the United States District Court for the Southern District of West Virginia; (3) Defendant failed to exhaust her administrative remedies; and (4) Defendant will not be prejudiced by her decreased earnings at her new institution.

As will be discussed below, it is not necessary for this Court to address the merits of each argument presented by the Government because Defendant's motion has been filed in the wrong court.

### III. **Analysis**

Defendant's motion is brought pursuant to 28 U.S.C. § 2241 because Defendant "challenges the execution of a sentence, rather than the validity of the sentence itself." Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000). As

Defendant is currently incarcerated at FPC Alderson, the United States District Court for the Southern District of West Virginia, rather than this Court, has jurisdiction over this matter.  See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495 (1973)("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991)("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").  Defendant's motion should have been filed in the United States District Court for the Southern District of West Virginia.  Thus, this Court denies Defendant's motion without prejudice.

Accordingly, it is now

**ORDERED ADJUDGED** and **DECREED:**

Defendant's letter addressed to this Court, which this Court construes a motion for a sentence modification (Doc. # 291-1) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Jacksonville, Florida, this 13th day of April, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Defendant
AUSA
BOP